## UNITED STATES v. BOSTON & M. R. R.

### No. 5724.

District Court, D. Massachusetts.

Dec. 21, 1937.

Francis J. W. Ford, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass.

Richard W. Hall, of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action for the recovery of a penalty provided in 34 Statutes at Large 607, 45 U.S.C.A. §§ 71–74, for the failure of the defendant carrier to comply with the terms of the act providing for the unloading of sheep in transit for rest, water, and feed every 28 hours.

The parties filed an agreed statement of facts from which the following findings of fact are made:

On December 10, 1932, at 5:20 p. m., the defendant received from another carrier at Mechanicville, N. Y., a consignment of 250 sheep which were loaded in a double-decked freight car for delivery in Somerville, Mass. The defendant had knowledge at the time that it received the sheep that they had not been unloaded for rest, water, and feed during the previous 23 hours and 55 minutes. The shipper of

the sheep, under the statute, had requested in writing that the period of confinement be extended from 28 hours to 36 hours. This served automatically to extend the period.

At 8:25 p. m., on the same day that it received the sheep from the other carrier, the defendant started its train from Mechanicville, N. Y., headed for Somerville, Mass. At that time 27 hours of the 36-hour period had run. There remained but 9 hours of the permitted period of confinement for the conveyance or delivery of these sheep to Somerville, Mass. The schedule running time between Mechanicville and Somerville is 9 hours and 30 minutes. The actual running time of this train varies between 8 hours and 15 minutes and 8 hours and 30 minutes.

At the time that the train left Mechanicville it was snowing. The snowfall was not of such a depth or intensity to pile up drifts, or to delay traffic other than by a somewhat slippery rail. The train arrived at East Deerfield, Mass., at 1:10 a. m. on December 11, 1932, and the car was cut out of the train, and sent to Greenfield, Mass., where there were some facilities for unloading and caring for the sheep. The facilities at Greenfield, however, were not adequate to take care of a double-decked car, and the lower deck was unloaded at 3:10 a. m., and was reloaded at 8:30 a. m. The sheep in the upper deck were not unloaded until 9 a. m. on the morning of December 11th. The number of sheep confined in the upper deck was 125. Obviously, the railroad had failed to comply with the act by reason of the retention of the sheep for a period of 39 hours and 35 minutes without feed, rest, and water.

The pertinent provisions of the statute involved read as follows:

Section 71. "No railroad * * * whose road forms any part of a line of road over which cattle, sheep, swine, or other animals shall be conveyed from one State or Territory or the District of Columbia into or through another State or Territory * * * shall confine the same in cars * * * for a period longer than twenty-eight consecutive hours without unloading the same in a humane manner, into properly equipped pens for rest, water, and feeding, for a period of at least five consecutive hours, unless prevented by storm or by other accidental or unavoidable causes which can not be anticipated or avoided by the exercise of due diligence and foresight: Provided, That upon the written request of the owner or person in custody of that particular shipment, * * * the time of confinement may be extended to thirty-six hours."

Section 73. "Any railroad * * * who knowingly and willfully fails to comply with the provisions of the * * * preceding sections shall for every such failure be liable for and forfeit and pay a penalty of not less than $100 nor more than $500."

In order to find the defendant liable, the government must show that failure to unload the sheep was knowingly and willfully done.

It is to be noted that an exemption from the penalty of the statute is provided where the delay is caused by a storm or other accidental or unavoidable causes. To come within this exemption, however, it must be shown that the storm was one that could not be anticipated or avoided by the exercise of due diligence and foresight. There is nothing in the stipulated facts to show that the delay in this case was brought about by the storm, but if reliance were placed on this fact, the defendant has failed to show that the delay could not have been anticipated or avoided by the exercise of due diligence. A snowstorm occurring in Mechanicville, N. Y., on December 10th of any year cannot be deemed to be such an unusual event as will excuse the defendant from its negligence. The very fact that it was snowing when the train left Mechanicville should have put the defendant on notice that a delay was very likely to occur. Having knowledge that there was but a slight margin between its running time under ideal conditions and the unexhausted permissible time under the statute, the defendant took a chance in dispatching the sheep. The chance resulted against it. These facts admit but one conclusion: that is, the defendant has violated the statute. See United States v. Philadelphia & R. Ry. Co., 3 Cir., 247 F. 469.

The United States is entitled to judgment in its favor against the defendant in the sum of $250, with costs.

The defendant's requests for rulings are denied, except in so far as they are incorporated in the above.